**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MANUEL MUNOZ PERALES, | No. 11-73217 |
| Petitioner, | Agency No. A017-907-274 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2016[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

Victor Munoz Perales appeals the BIA's decision affirming the IJ's order of

removal and holding that he did not derive United States citizenship from his

father. The relevant decision for review, however, is the district court's grant of

summary judgment in favor of the government. 8 U.S.C. § 1252(b)(5)(B); *see*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mondaca-Vega v. Holder*, 718 F.3d 1075, 1076 & n.1 (9th Cir. 2013).  We have jurisdiction under 8 U.S.C. § 1252 and 28 U.S.C. § 1291.

Because Munoz Perales did not challenge the district court's order in his briefs on appeal, he has waived any challenge to its determination that he is not a derivative citizen.  Fed. R. App. P. 28(a); *see Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Even if Munoz Perales had challenged the relevant decision, the district court did not err in granting summary judgment in favor of the government.  The district court did not abuse its discretion in ruling that the statements in Munoz Perales's testimony and the deposition of his brother indicating that their father resided in the United States between 1929 and 1950 were inadmissible as hearsay and for lack of personal knowledge.  Fed. R. Evid. 602, 801(c), 802.  Because no other admissible evidence supported Munoz Perales's claim, *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), and the government adduced evidence that Munoz Perales's father resided in Mexico during the relevant period, Munoz Perales failed to raise a genuine issue of material fact that his father resided in the United States for five years after turning 16 in 1929.  *See* 8 U.S.C. § 601(g) (1940).

**PETITION DENIED**.